UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO VALENCIA,

                        Plaintiff,

v.

AAA ELECTRICAL SERVICE, INC.,

                        Defendant.

_____/

Case No. 14-10339

Paul D. Borman
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR
SUMMARY JUDGMENT AGAINST AAA ELECTRICAL SERVICE INC. (ECF NO. 19)
AND GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES
AND COSTS (ECF NO. 26)**

Now before the Court is Plaintiff Antonio Valencia's unopposed Motion for Summary

Judgment (ECF No. 19). The Court previously held a status conference on this issue on June 10,

2015. No representative or attorney for Defendant AAA Electrical Service, Inc. ("AAA")

appeared at that hearing.

Previously, this Court granted Defendants Anthony Manetta and AAA's counsel's

motion to withdraw. (ECF No. 20.) Defendants' former counsel noted that AAA Electrical had

been dissolved and Defendant Manetta had filed for Chapter 13 bankruptcy on September 22,

2014. Prior to the Court granting the motion to withdraw, Plaintiff's filed the present motion for

summary judgment. In its Order granting Defendants' counsel's motion to withdraw this Court

entered an automatic stay against Defendant Manetta pursuant to 11 U.S.C. § 362. The Court

also allowed Plaintiff to file a supplemental brief to support their request to proceed against

Defendant AAA. (ECF No. 21.)

On June 10, 2015, the Court held a conference and held that Plaintiff could continue its action against the corporate Defendant AAA Electrical and also granted the unopposed motion for summary judgment.  The Court now issues this opinion and order in support of that holding. Additionally, Plaintiff filed a Motion for Award of Attorney Fees and Costs on August 10, 2015. (ECF No. 26.)  Defendant AAA did not respond to the motion and the Court finds that the briefing is sufficient to render an opinion without oral argument.[1]  E.D. MICH. LR 7.1(f).

## I. BACKGROUND

Defendant AAA Services was an electrical contractor that provided electrical services in Southeast Michigan and based in Shelby Township, Michigan.  (Def.'s Ans., at ¶¶ 2, 10.) Plaintiff was employed by Defendant AAA Services as an apprentice electrician from November 2011 through February 2013.  (*Id*. at ¶ 11.)  Plaintiff was paid at a rate of $18.00 per hour while he was employed with Defendant AAA Electrical.  (*Id*. at ¶  12.)

Plaintiff was responsible for keeping track of all the hours he worked and recorded the time on time cards that were submitted to Anthony Manetta, the president and owner of Defendant AAA.  (Ex. 5, Ans. to Interrogatories No. 3, No. 4.)

Plaintiff regularly worked more than 40 hours per week during his employment with Defendant AAA Electrical.  (Mot., Ex. 4, Valencia Aff. at ¶ 3; Ex. 3, Time Cards.)  Defendant AAA only paid Plaintiff for forty (40) hours of work per week, but kept track of his unpaid overtime hours and referred to those hours as "bank time."  (*Id*. at 4-5; Ex. 3, Pay stubs; Ex. 7, Spreadsheet Detailing Hours).  At certain points in time, Defendant AAA would pay Plaintiff for

---

[1] The Court notes that Defendant Manetta filed a note with the Court on June 10, 2015. (ECF No. 25.)  However, the action against Defendant Manetta is currently stayed.

portions of his "bank time" usually weeks or months after the hours had been worked.  (Valencia Aff. at ¶ 6.)  When Plaintiff was paid for his "bank time" he was paid at his regular rate of 18.00 per hour.  (*Id*. at ¶ 7.)  Plaintiff was not paid for all of his accumulated "banked time."  (*Id*. at ¶ 8.)

Plaintiff complained to his employers that he was not being compensated for his overtime but was informed that Defendant AAA did not pay overtime to enable it to bid low on contracts. (*Id*. at ¶¶ 10-11.)

## II. STANDARD OF REVIEW

Plaintiff has moved for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure.  This rule provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of genuine issue of material fact."  *Id*. at 323; *see also Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987). However, in making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party.  *Bender v. Southland Corp.*, 749 F.2d

1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires the non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

## III. ANALYSIS

### A.    FLSA Violation

"The FLSA lays out a general rule that employees must be compensated one and one-half times their regular hourly pay for each hour worked in excess of forty hours per week." *Henry v. Quicken Loans, Inc*., 698 F.3d 897, 899 (6th Cir. 2012) (citing 29 U.S.C. § 207(a)(2)). "Congress passed the FLSA with broad remedial intent to address unfair methods of competition in commerce that cause labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Monroe v. FTS USA, LLC*, --- F.3d --- , 2016 WL 814329 (6th Cir. Mar. 2, 2016) (quoting *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015); 29 U.S.C. § 202(a) (internal marks and alteration omitted). The provisions of the FLSA are not to be "interpreted or applied in a

4

narrow, grudging manner." *Id.* (citation omitted).

In the present action, it is undisputed that Plaintiff was employed by Defendant AAA and therefore required to pay him in accordance with the FLSA. Plaintiff has shown by a preponderance of the evidence that he worked in excess of 40 hours during a work week. (Ex. 3, Time Cards; Ex. 4, Valencia Aff., at ¶¶ 3,4) Defendant AAA was aware that Plaintiff frequently worked in excess of 40 hours per week because Plaintiff submitted his time cards to Defendant AAA and Defendant Anthony Manetta. (Ex. Responses to Interrogatories Nos. 3 & 5.) However, Plaintiff was not compensated at one an one-half times his regular pay for the hours he worked in excess of 40 hours per week. (*See* Ex. 3, Time Cards; Ex. 7, Spreadsheet; Ex. 6, Pay stubs.) Accordingly, the Court finds there is no genuine issue of material fact regarding whether Defendant AAA violated the FLSA and summary judgment is granted.

B.      Wilful Violation

Generally, violations of the FLSA are subject to a two year statute of limitations. However, if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute" then the violation is deemed wilful and a three year statute of limitations applies. *Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999); 29 U.S.C. § 255(a).

Given the record in this case, it is clear that Defendant AAA was aware that Plaintiff was working more than 40 hours in a work week. Indeed, Plaintiff tracked his hours which reflected the overtime and submitted them to Defendant AAA. Additionally, the fact that Defendant Manetta, the president and owner of Defendant AAA, kept track of this overtime, or "bank time" and would sometimes pay Plaintiff for this accrued time reflects that Defendant AAA knew it

5

was responsible for paying Plaintiff for all the hours he worked.  Further, the fact that Plaintiff complained to the president and owner of Defendant AAA about the failure of Defendant AAA to pay him overtime and was still denied overtime pay further reflects the fact that Defendant AAA wilfully or recklessly disregarded its statutory duty to pay Plaintiff overtime wages. Accordingly, the Court finds that Defendant AAA's violation was wilful and a three year statute of limitations applies to this action.

Finally, the Court finds that while Defendant AAA did pay Plaintiff for some of his accrued "banked time," Defendant did not pay Plaintiff at a rate of one and half times his normal pay for the "banked time" he had accrued, and he did not receive payment for the "banked time" within a reasonable amount of time of accruing the hours.  "The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends."  29 C.F.R. § 778.106.  When the amount of overtime cannot be computed until some time after the regular pay period, then an employer is allowed to pay:

> the excess overtime compensation as soon after the regular pay period as is practicable.  Payment may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made.

29 C.F.R. § 778.106.

In the present case, Plaintiff was paid "banked time" well after he accrued the time and it was paid out to him at times much later and unrelated to the weeks in which he accrued the time. (*See* Ex. 7, Spreadsheet; Plaintiff received "banked time" on six different occasions: April 9, 2012; June 18, 2012; August 27, 2012; September 24, 2012; October 8, 2012; and December 31, 2012.)  Plaintiff was also not compensated for all of his "banked time."  (Valencia Aff. at ¶ 8.)

6

The Court finds that delay in Plaintiff's "banked time" or overtime pay was not reasonable and it was not paid at a rate that reflected it was overtime. The Court therefore will not count this amount as a set-off against Plaintiff's damages. The Court concludes based on the record before it that Plaintiff has been denied overtime pay in the actual amount of $5,171.50. (Ex. 7, Spreadsheet and Calculations.)

      C.     Liquidated Damages

The FLSA provides that any employer who "violates the provisions of section 206 or 207 of this title shall be liable to employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be and in an additional equal amount as liquidated damages." *Elwell v. Univ. Hosp. Home Care Servs.*, 276 F.3d 832, 840 (6th Cir. 2002) (quoting 29 U.S.C. § 216(b)). A court has discretion not to award liquidated damages under the FLSA if the employer can show "to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that the had reasonable ground for believing that his act or omission was not a violation" of the FLSA. *Id.* (citing 29 U.S.C. § 260).

Here, there has been no showing that Defendant AAA acted in good faith and the record before the Court actually evidences the opposite. Therefore, the Court cannot avoid imposing liquidated damages against Defendant AAA in the amount equal to Plaintiff's actual damages of $5,171.50. (Ex. 7, Spreadsheet and calculations.) Therefore, Plaintiff's total damage award is $10,343.00.

      D.     Attorney Fees

Plaintiff has also moved for attorney fees under the FLSA. The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," that a defendant will also pay "a

reasonable attorney's fee" and the costs of the action. 29 U.S.C. § 216(b). The Court has discretion to determine the amount of a reasonable award. *See Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). To this end, Plaintiff has submitted a motion to award attorney fees and costs. (ECF No. 26.)

Plaintiff requests an award of attorney fees in the amount of $4,460 and $567.08 in costs. (*Id*. at 2.) Plaintiff's attorney provides that his billable rate is $200.00 per hour and submits records evidencing 22.30 hours billed to this matter. (ECF. No. 26, Ex. 4, Billable Hours; Ex. 1, Halilovic Decl. at ¶ 7.) Plaintiff's attorney has submitted a declaration setting forth his background and experience. (Halilovic Decl.)

Plaintiff's attorney further notes that the hours requested are not duplicative as he has not billed any time for paralegals or support staff and he did not request payment for the majority of the telephone calls or correspondence with Plaintiff or Defendants' previous counsel. Plaintiff's attorney also asserts the time billed is reasonable given that the hours encompass the inception of the suit through the filing of the summary judgment motion and brief as well the supplemental briefing requested by the Court regarding the continuation of this matter. Finally, Plaintiff requests costs in the amount of $567.08 which include the filing fee as well as costs related to milage and parking fees. (ECF No. 26, Ex. 4, Costs.)

The Court has reviewed the Plaintiff's Motion for Fees and Costs and finds Plaintiff's request to be reasonable. The Court notes that Plaintiff's attorney's billing rate is less than the $280 mean rate for attorneys with offices in Oakland County and slightly higher than the mean state-wide billing rate for attorneys with one to two years of experience. (Ex. 2, 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report.) Further, the

8

Court has reviewed Plaintiff's attorney's billed time and finds 22.30 hours to be reasonable. Finally, the Court notes that Plaintiff also seeks attorney fees for the, yet unknown, amount of time spent preparing the pending motion for award of fees and costs. The Court, however, will deny Plaintiff's request for fees for the preparation of the motion for fees. Accordingly, the Court will award of $4,460.00 in attorney fees.

The Court also finds Plaintiff's requests for costs for service of process, postage and the filing fee to be reasonable and will therefore award Plaintiff costs in the amount of $505.83. The Court will deny Plaintiff's attorney's request for milage and parking fees.

IV. CONCLUSION

For all these reasons and those stated on the record, the Court GRANTS Plaintiff's unopposed Motion for Summary Judgment (ECF No. 19) and AWARDS Plaintiff actual damages and liquidated damages in the total amount of $10,343.00. Further, the Court GRANTS in PART Plaintiff's Motion for Award of Attorneys' Fees and Costs and AWARDS Plaintiff attorney fees in the amount of $4,460.00 and costs in the amount of $505.83.


IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2016.

s/Deborah Tofil
Case Manager

9